IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JORDAN HEATH, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 12-251E |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL A. ENNIS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate all pending motions and to close this case.

**II.   REPORT**

This civil rights action was filed in this Court on October 18, 2012. The complaint was not accompanied by either payment of the filing fee or a motion seeking leave to proceed in forma pauperis.

By Order dated October 23, 2012, this Court directed Plaintiff to pay the filing fee or seek leave to proceed in forma pauperis before November 6, 2012, or risk dismissal of this case for failure to prosecute. Plaintiff did not comply.

By Order dated November 13, 2012, this Court directed Plaintiff to show cause for his failure to pay the filing fee or seek leave to proceed in forma pauperis. The Order expressly

1

warned that Plaintiff's failure to comply before November 23, 2012, would result in the dismissal of this action due to Plaintiff's failure to prosecute. ECF No. 3.

As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several weeks old, yet Plaintiff has not taken the initial steps in paying the required filing fee. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  November 30, 2012

3